UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL HOME LOAN MORTGAGE CORPORATION, a corporate instrumentality of the United States of America,

      Plaintiff,

  -vs-

ARBOR POINTE ONE, LLC, a Michigan limited liability company,

      Defendant.

Case No. 5:06-CV-0136

Hon. Wendell A. Miles

---

| CLARK HILL PLC | MADDIN, HAUSER, WARTELL, ROTH & HELLER, P.C. |
|---|---|
| By:   Richard A. Sundquist (P31535)<br>       Matthew Heron (P61501)<br>Attorneys for Plaintiff<br>500 Woodward Avenue, Suite 3500<br>Detroit, Michigan 48226<br>(313) 965-8300 | By:   Michael S. Leib (P30470)<br>       Lowell D. Salesin (P48829)<br>Attorneys for Defendant<br>28400 Northwestern Highway, Floor 3<br>Southfield, Michigan 48034<br>(248) 354-4030 |

---

**ORDER ACCEPTING FINAL REPORT OF RECEIVER,
ACKNOWLEDGING TERMINATION OF RECEIVERSHIP
AND DISCHARGING THE RECEIVER**

At a session of Court, held in the City of Grand Rapids, Kent County, Michigan, on July 24, _____, 2007.

PRESENT:   HONORABLE      **WENDELL A. MILES**
                                        U. S. District Court Judge

Currently before the Court is the Motion of Plaintiff for Acceptance of Final Report, for Acknowledgment of Termination of Receivership and for Discharge of Receiver (the "Motion"). The defendant has made no response to the motion.

Upon due consideration,

IT IS ORDERED that:

1. The Final Report of Receiver attached to the Motion as **Exhibit B** shall be and hereby is approved and accepted as the final report of the receiver. All fees and expenses contained in the Final Report shall be and hereby are considered an expense of the Receivership and the Mortgaged Premises.

2. The Surety Bond covering McKinley Inc., in its capacity as receiver ("Receiver") shall be cancelled and immediately returned to the Receiver.

3. The appointment of McKinley Inc. as Receiver under the Stipulated Order Appointing Rent Receiver entered September 18, 2006 ("Order") was terminated effective 11:59 p.m., March 14, 2007, pursuant to Paragraph 30 of the Order.

4. The Receiver has fully performed all of its obligations under the Order and, therefore, the Receiver is hereby discharged from any obligation or debt relating to the Mortgaged Premises (defined below), including any claim of any creditor of Defendant.

5. McKinley Inc. ("Management Company"), as property manager under the terms of a Property Management Agreement effective March 15, 2007 with Freddie Mac ("Management Agreement"), shall retain any security deposits (to the extent it has not already done so) on behalf of Plaintiff.

6. The Receiver shall forthwith cancel (to the extent it has not already done so) any and all insurance coverage it may have obtained pursuant to Paragraph 15 of the Order.

7. The Receiver shall (to the extent it has not already done so) turn over possession of the premises commonly known as Arbor Pointe Apartments, 3901 Burneway Drive, 4000 Burneway Drive, 4032 Woodbridge Drive, 4411 Seaway Drive and 4590 Seaway Drive, Lansing, Michigan ("Mortgaged

3

Premises") to the Management Company on behalf of Plaintiff, Federal Home Loan Mortgage Corporation. The Mortgaged Premises are more particularly described as follows:

> PARCEL 1: Lot(s) 136 and 137, PLAT OF GLENBURNE NO. 2, according to the plat thereof recorded in Liber 6 of Plats, page(s) 27 of Eaton County Records.
>
> PARCEL 2: Lot 135, PLAT OF GLENBURNE NO. 2, according to the plat thereof recorded in Liber 6 of Plats, page 27, Eaton County Records. ALSO Lots 225, 226 and 227, PLAT OF GLENBURNE NO. 4, according to the plat thereof recorded in Liber 7 of Plats, page 4, Eaton County Records.

8. The Receiver shall (to the extent it has not already done so) turn over to the Management Company on behalf of Plaintiff, Federal Home Loan Mortgage Corporation, all valid and existing leases, rent rolls and any and all other papers pertaining to the receivership and the operation of the Mortgaged Premises during the Receivership Period (as defined in the Motion).

9. As to any pending tax appeals, Plaintiff shall be entitled to prosecute such appeals and shall be entitled to any tax refunds, including any interest, that the Receiver or Defendant otherwise would have been entitled to. This Order shall constitute an assignment by the Receiver to Plaintiff of its rights, if any, to any tax refund.

10. This is a final Order disposing of all claims in this case.

/s/ Wendell A. Miles
───────────────────────────
HON. WENDELL A. MILES
U. S. DISTRICT COURT JUDGE

5423313.3 18133/107272